## DECEMBER TERM, 1843.

### Daniel W. Wright, *et al. v.* W. Petrie, *et al.*

An application for an appeal from an interlocutory decree of the Chancellor, where money is not required to be paid, or property transferred by the decree, is addressed to the discretion of the Chancellor, and will not be granted, if any important principle in the cause remains undecided.

In this case, at a previous day of the term, the Chancellor delivered an opinion, which will be found in the former portion of this volume ; an application was subsequently made for an appeal from the interlocutory decree ordered, referring the cause to a commissioner, to state an account between the parties, in the manner and on the terms embraced in the opinion referred to, and which were stipulated in the decree.

The motion for an appeal was submitted to the Chancellor, who afterwards delivered the following opinion, overruling the motion.

By the CHANCELLOR. I have bestowed such examination and reflection, in the interval of the sessions of the Court, as I have been enabled to do, upon the application made in this case, and have come to a conclusion satisfactory to myself.

The complainants, being the judgment creditors of the Mississippi and Alabama Railroad Company, have exhausted their legal remedy, and come into this Court to subject, alleged equitable assets of that company, in the hands of the defendant Petrie, to the payment of their debt.

They allege that the defendants, the Mississippi and Alabama Railroad Company, commonly known as the Brandon Bank, had employed their co-defendant W. Petrie, to build a railroad ; Petrie. executed a mortgage to the company, which, in the opinion I pronounced in this case, I held to be still a mortgage, and subject, by the rules of equity, to the, complainants' debt.

The pleadings and proofs furnished me no precise data of the indebtedness of the defendant Petrie to the company, and I ordered

a reference of the cause to a commissioner, to determine the amount of that indebtedness, and also what credits he was entitled to, according to the rules laid down in my former opinion. This was the extent of my decree ; it was a mere decretal order ; not attempting to settle all questions made in the suit, but simply the liability and attitude of the defendant Petrie.

There is now a motion for an appeal, founded upon a statute of this State, authorizing appeals from an interlocutory decree, and decretal orders of this Court, under certain prescribed circumstances.

In England, applications for appeals from decrees of the Chancellor address themselves to the discretion of the Court, except when the Court or the House of Lords have prescribed precise rules for their regulation. There is no statute in England regulating the right of appeal from the court of chancery ; but the rights of parties have been as carefully guarded and as well secured as in any country, by the rules which have been adopted for the practice of the Court, and which have also been recognized by the House of Lords. By their practice, I find that no appeal is granted from a decretal order, unless all the questions involved in the case are fully settled, and passed upon in the decree, from which the appeal is sought.

The legislation of this State is apparently indebted to the rules of the English courts, which they seem to have in great part followed.

By these rules, an appeal lies only from a final decree ; in practice, however, they have been somewhat modified ; and our statute has adopted the modification of the modern practice.

It must be apparent to reason and common sense, that appeals granted from any but a final decree will be productive of great delay, injury, and oppression ; showing, upon the most solid reasons, the correctness of the general rule, allowing appeals only from final decrees. The modifications of that rule, which I have alluded to, have kept in view the reason and foundation of the rule itself ; and embrace and apply only to those interlocutory decrees and decretal orders, which settle all the questions involved in the issue.

The statute under which this application is made, and by which appeals from decrees which are given during the progress of a suit

in this Court are allowed, grants such appeals from such decrees, only where by the decree, in the first place, money is ordered to be paid by one party to the suit to another ; in the second place, where the possession of property is changed or transferred ; or, in the third place, where, in the opinion of the Chancellor, for his direction and guidance in settling the principles of the case and the questions involved in it, or to avoid expense and delay, he may think such an appeal necessary.

In this case no money is to be paid or property transferred, and it is only upon the last ground that the appeal is asked ; it is addressed to the discretion of this Court.

I have already given an opinion in this case upon some of the questions involved in the merits of the controversy ; to that opinion I am bound to give a certain degree of weight ; with whatever hesitation and diffidence I may and do regard the opinions which I deliver, and however anxious I may be, and indeed always am, whereever a party feels aggrieved by any opinion I may deliver, to give him the benefit of an appeal to another tribunal, yet I am still compelled, after having deliberately investigated the case, and given my opinion at length, to pay some regard to that opinion. The mere fact that it does not meet the approbation of counsel, whose client's interests it may decide against, is not of itself evidence that the opinion is incorrect, or that, if an appeal is taken, the decree will be reversed ; and yet, to grant an appeal in this case, for the purpose of preventing delay, is to imply that my opinion already delivered is erroneous, and will upon appeal be reversed ; a conclusion which may be true, but one which I do not feel myself compelled to adopt; and if the opinion I have delivered be not reversed, the very delay which the statute was designed to prevent will be thereby occasioned. By reference to that opinion it will be seen, that several important questions are yet reserved ; among them, the right of Frederick Petrie, adverse to that of both the other parties. He claims to own, in his own right, a portion of the property in controversy, and I have given no opinion as 'to his claim. Another important point that I have left open is, the right urged by the defendant Petrie to discharge whatever indebtedness it may be decreed he is under to his co-defendants, the Mississippi and Alabama Rail-

road Company, in the notes of that company, familiarly known as Brandon Bank paper.  These questions, when decided, may each constitute of themselves the subject of an appeal ; it is evident, therefore, that I cannot grant an appeal, without defeating the very object of the statute.

This is the language of the statute :

"In any cause depending in a superior court of chancery, wherein any interlocutory order or decree shall be made, it shall be lawful for such court, or the Chancellor in vacation, at any time before a final decree in the cause, to grant an appeal to the Supreme Court, from such interlocutory order or decree, in the same manner, and upon the same conditions, as if a final decree had been made : *provided* that, by such interlocutory order or decree, *money is required to be paid*, or *the possession or title of property to be changed*, or that the Court or the Chancellor shall think such appeal proper, in order *to settle the principles of the cause, or to avoid expense and delay.*"

I am to determine this application upon the two last branches of the statute ; there are two alternatives, on one or the other of which I am to exercise my discretion.

I certainly cannot certify, as I would be required to do if I granted this application, that I deem an appeal necessary, in order *to settle the principles of the cause ;* for the simple and obvious reason, that important principles are yet reserved, undecided ; I have not yet attempted to settle some of the most important questions involved in the case ; I have expressly withheld my opinion, on those reserved points, until the coming in of the commissioners' report, to whom I have ordered the reference ; how, then, can I certify, that I deem an appeal proper to settle *the principles of the cause ?*

Nor can I certify that it is necessary to prevent expense and delay ; as, in my opinion, the reverse would be the effect.

I think that I ought not, with the very view of *preventing expense and delay*, to grant an appeal from any interlocutory decree, or decretal order, where any important principle remains undecided.  In practice, it would be productive of great delay and expense, and would violate that *economical* feature of American

jurisprudence, which, in the administration of justice in this country, seems everywhere to be regarded as a cardinal point. That litigants in the various courts may have their suits decided in the speediest and least expensive manner, is of the first importance : to authorize repeated appeals in the same case, as would be the consequence of granting applications similar to the one at present applied for, would place the poor litigant entirely in the power of his rich and powerful adversary, who, in the advantages which his superior wealth would give him, by an endless round of appeals, would, in the creation of harassing and vexatious litigation, and interminable expense, weary out and finally defeat his less able and less wealthy opponent, whose poverty would unfit him to cope successfully in so unequal a controversy.

From any view I can take of the case, with every desire to afford the defendant the benefit of an appeal from my decision, I do not find myself at liberty to grant the appeal in this case, at this stage of the cause ; since, by doing so, I would violate the settled rules which should and do regulate the practice on that subject.