Mr. Justice Clayton
delivered the opinion of the court.
James Wadlington purchased property at the sale of Mercer ■ Wadlington, deceased, and gave his note with Gary, as his surety. The principal in the note afterwards died, and Felix G. Wadlington became his administrator. Suit was-brought upon the note in the Carroll circuit court. There have been four verdicts rendered in the cause; the first in favor of the defendant; the two next for the plaintiff; and the last in. favor of the defendant. The plaintiff filed bills of exceptions to the orders, granting new trials on the verdicts obtained by her, but they are too imperfect to authorize a reversal of the *530 decisions. Instead of stating the facts, they refer to papers not incorporated in the bills. According to repeated determinations these cannot be here noticed. Barfield v. Impson, 1 S. & M. 330; Carmichael v. Browder, 4 How. 431. On the last verdict the motion for a new trial was overruled, and a bill of exceptions taken to this order. This bill of exceptions is also defective in form, since it refers to certain papers, and does not set them out. Yet their substance is set out, in a way which complies with the requisitions of the statute on the subject. In the other exceptions, the substance is not given, except by way of reference.
The defence set up in the case, is first, time granted to the principal without the consent of the surety, and next, payment of the note by the administrator of James Wadlington. There is no doubt, but that time was granted to the principal. But mere indulgence does not release a surety. There must be a valid agreement for indulgence, founded upon a sufficient consideration— such an agreement as can be enforced in a court of justice. The rule is very clearly laid down by the court, in Newell v. Hamer, 4 How. 690. The agreement set forth in the testimony is not of that character. It was made with Warner Wadlington, then an executor of Mercer Wadlington, but who is no longer such. If suit had been brought upon the note, a recovery upon it could not have been defeated, by reason of this alleged agreement. Nothing passed to the executor. He agreed to grant indulgence, because of a promise that he should receive payment out of the proceeds of a particular execution, or if that failed, then out of a particular note. The executor had no means of enforcing either of these promises, and the money was not made upon the execution because of the interference of Felix G. Wadlington. This shows the executor had not the control of it, nor the power to enforce the promise. It was like the promise “to deliver cotton,” in Newell v. Hamer.
Next as to the payment. The note was that of James Wad-lington. Felix G. Wadlington, his administrator, was one of the distributees of Mercer Wadlington, deceased, and he di *531 rected the executor of Mercer Wadlington to retain the note out of his distributive share. This was not done. The present executrix, the plaintiff in this suit, cannot compel compliance with this direction. She cannot compel it as a set-off. The debt is due/rom James Wadlington — the distributive share is due to his administrator. There is an absence of that mutuality which is essential to the right of set-off
In our view neither ground of defence is sustained, and the judgment must be reversed, and new trial awarded.
Judgment reversed, and new trial awarded.