Mr. Justice Smith
delivered the opinion of the court.
This was an issue in the circuit court of Marshall, to try the right of property. An execution which issued on the judgment obtained by the defendant in error, against one Humphrey Kibble, was levied upon certain chattels as the property of the latter. The property thus levied on was claimed by Nancy Kibble, one of the plaintiffs in error, who made the requisite affidavit, and entered into bond according to the statute, with A. B. Morton as her surety. The issue was found in favor of the plaintiff in execution, and judgment entered against both the claimant and Morton. From this judgment the claimant and Morton sued out a writ of error to this court.
*209 It is conceded, that it was error to render judgment against the surety on the bond. The judgment should have been against the claimant alone. The surety was no party to the issue, and was responsible only for a failure, on the part of the claimant, to perform the conditions of the bond, in the event of an adverse determination of the issue. But for this error we should not remand the case for a new trial, if, as it is insisted, the verdict was sufficient to authorize this court to pronounce a proper judgment in the case.
The objection raised to the verdict is, that the value of the articles of property levied on by the sheriff, and claimed by Mrs. Kibble, was not separately assessed by the jury. This it was undoubtedly their duty to do under the statute regulating trials of the right of property. But a reasonable construction must be given to the act. Articles, though separated, which constitute the necessary parts of a whole, may justly be regarded as a single article. Thus a barouche and harness may be estimated as a single article. Drane v. Hilzheim, 13 S. & M. 336. Upon this principle, it was not erroneous in the jury to assess the value of the “saw-mill irons and the apparatus for running the saw,” as a single article, nor to assess as one item the “hoop, hopper, and apparatus.”
It is objected, that as Mrs. Kibble was a feme covert her bond was void. Hence, that no valid judgment could be rendered against her. And further, that as she was a married woman, judgment could not be rendered against her without joining her husband, who was no party to the suit. But without examining any of the questions involved by these positions, let us ascertain whether the coverture of Mrs. Kibble is a fact, the proof of which exists in the record.
It is settled in this court, that all the acts and proceedings of parties to a cause which do not constitute, properly, a part of the record, can only be made so through the medium of a bill of exceptions. But it is not so clearly settled as to what proceedings do properly and necessarily form a part of it. The original writ, declaration, pleadings, and judgment, and all motions entered by the parties litigant, are necessarily parts of *210 the record. Officers of Court v. Fisk, 7 How. 404; Puckett v. Graves, 6 S. & M. 391. The evidence, whether written or oral, form no part of it, unless by bill of exceptions by which it is embraced. It may be stated, as a rule from which there is no exception, that no act in pais of any party to a suit can be made a part of the record except by that means. Hence, neither the bond for the trial of the right of property in this case, nor the affidavit of the claimant, could legitimately find a place in it by any other means. The fact, that the clerk has copied them into the record, will not mend the matter or make them a part of it. This was the mere act of the clerk, and is entitled to no greater consideration than his recital in the record would be of facts said to have transpired in the court. Maulding v. Rigby, 4 How. 222; Harris v. Planters' Bank, 7 Ib. 346; Barfield v. Impson, 1 S. & M. 326.
The record does not furnish evidence of the facts upon which these objections are predicated. We cannot, therefore, notice them.
Let. the judgment of the circuit court be reversed, and a proper judgment against the claimant be entered in this court.